**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

IN RE:

| | |
|---|---|
| NINAMARIE C. CRISAFULLI | CHAPTER 11<br>CASE NO. 13-10333 |
| Debtor(s). | |

**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY OR IN ALTERNATIVE TO DISMISS THE CASE**

Ninamarie C. Crisafulli, by and through her attorney, Brian H. Bronsther of the Bronsther Law Firm, PC, does hereby oppose the State Employee Federal Credit Union's ("SEFCU") Motion for Relief from Stay or in Alternative to Dismiss the Case and does hereby state as follows:

1. Although Debtor may have filed 2 other bankruptcy petitions, a Chapter 11 and then a Chapter 13, within one year, neither of them were dismissed with prejudice nor deemed to have been filed in bad faith.

2. In fact, Movant's counsel should be aware of the difficulties the Debtor faced in her initial Chapter 11 filings (Case No.: 11-13490), which resulted in the dismissal of this case, as more particularly set forth in Docket # 25 in said filing,

3. Movant, as well as its counsel, is well aware of the basis upon which the Debtor's second filing, a Chapter 13 (Case No.:12-11512), was dismissed, as Debtor attempted to effectuate a consensual plan with the Movant and the case was dismissed due to Debtor's in ability to obtain financing to payoff the Movant's liens.

4. Debtor's current rent roll for the real property is $ 9,975.00, as more particularly set forth on Exhibit A, attached hereto and incorporated herein. Debtor's projected expenses for the operation of these properties is $ 3,730.00, as more particularly set forth on Exhibit A. The net operating income that these properties shall produce is $ 6,245.00, as more particularly set forth on Exhibit A..

5. As of the date of filing, Debtor segregated the rents collected from the real estate encumbered by the Movant's mortgage lien and deposited the same into her business Debtor-in-Possession account ("D-I-P Account"). Debtor duly filed a Motion for Use of Cash Collateral and this Court has granted the same. The Order is pending.

6. On March 28, 2013, Debtor paid adequate protection payments to the Movant, in accordance with the Order granting Use of cash Collateral from said D-I-P Account. The Debtor is not yet due for her April 2013 adequate protection payment. Debtor has yet to disburse any other rental income associated with the Properties.

7. The Debtor does not dispute the lack of equity in the Properties. Debtor has placed a value on the properties consistent with a value that the Movant believed it to be in its previous Chapter 13 filing. Debtor based it's adequate protection payments based upon this value and intends to cram down the debt and pay the same off as part of her Chapter 11 plan. The true value of these properties may be significantly less than the value ascribed by the Movant and the debtor, based upon third party offers. As set forth in Exhibit A, the net operating income is more than sufficient to support the over exaggerated value of these properties and further provide a meaningful return to the unsecured creditors.

8. Debtor contends that the reason for her initial Chapter 11 filing was Movant's acceleration of the debt because of her failure to pay the real property taxes. On or about June 5, 2011, Movant caused a receiver to be appointed and proceed to collect the rents for the months of June 2011 through June 2012. Debtor contends that the rents collected during this time period should have amounted to approximately $ 140,000.00. During this time period the receiver should have paid all of the 2011-12 school taxes from the rents received, but has yet to show evidence of the same. To date, the Debtor has yet to receive a full and accurate accounting of the receiver's activities. It is debtor's intention that all pre-petition real property taxes that are due and outstanding will be paid through the Plan.

9. Debtor's failure to consummate the various proposed offers by the Movant is based solely on the Debtor's in ability to secure financing. It is Debtor's contention that the market place has spoke very loud and clear that these properties are not worth what the Movant is seeking to recover. The Debtor's proposal to pay more than the Fair Market value should speak volumes as to the Debtor's intention to treat the Movant in a more than fair manner.

10 Since, Debtor's previous filings, Debtor has repaired and maintained the properties, secured her ownership of a bakery, known as Sweet Temptations, continues to operate the day care center known as Building Blocks Day Care Center of Colonie and has negotiated the lease purchase of a second day care center in Amsterdam, NY.

11. Debtor has further negotiated a letter of intent for the use of 4232 Albany Street, Albany, NY as a parking lot, it being one of her properties encumbered by Movant's mortgage lien (See Exhibit B). Debtor is confident that said property can serve as a parking lot for other car dealerships throughout the area, creating a significant positive cash flow in excess of the net operating income set forth on Exhibit A. This rental income should increase to $ 5,800.00 and shall provide a greater dividend to the unsecured creditors. In addition, Debtor intends to increase the monthly rents on the real property associated with Movant's mortgage liens so as to generate at least an additional $ 10,000.00 per month.

12. Debtor has advised counsel that she has further negotiated with other impaired creditor classes a resolution of their secured claims and fully expects said creditor to support the Chapter 11 plan, to wit:

   A. Estate of Charles Yund Mortgage term to be extended and interest rate to be reduced;

   B. Chase Home Mortgage term has been extended; and

   C. Blake Mortgage term extension.

12. Debtor's actions prior to this filing and since the date of filing, consisting of repairs to her real estate, commencement of eviction proceedings against non-paying tenants and negotiation of new leases and rental agreements, have been made with the sole intent of maximizing the income potential and thus the value of these properties and not a debtor trying to devise a scheme to hinder, delay or defraud the Movant. The Debtor has engaged upon a course of conduct that has attempted to provide the Movant with the funds it has sought, a sum in excess of the fair market value, but due to economic forces beyond her control has failed. Debtor has provided adequate protection payments in excess of the fair market value of the real estate and further proposes to payoff a mortgage lien far in excess of the fair market value during the course of her Chapter 11. Debtor as a reorganized entity has the potential to provide a dividend to the unsecured creditors in excess than would be received upon the liquidation of Debtor's assets.

WHEREFORE, the debtor does hereby respectfully request this Court to dismiss SEFCU's Motion with prejudice and such other relief that this Court deem proper and just.

Respectfully submitted,

By: _____

Brian H. Bronsther, Esq.
Attorney for the Debtor
12 Century Hill Drive
Latham, NY 12110
518-373-9000

CRISAFULLI REAL ESTATE ANALYSIS

| FMV | $30,000 | $10,000 | $54,000 | $165,000 | $20,000 | $140,000 | $60,000 | $5,000 | $0 | $165,000 | $10,000 | $160,000 | $49,000 | $175,000 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 5 Exchange Street (2) | 12 Sumptne (2) | 578 Crane (4) | 78 Sand Creek (1) | 708 Union | 4232 Albany St (3) | 68 North Lake St. (3) | 64 North Lake St (3) | 1205 Central Ave (6) | 9 Hills Lane (5) | 279 Remsen (3) | 1366 Central (3) | 2& 4 Corning | 5 Fairway (3) |
| Projected Income | $2,775 | $2,000 | $2,850 | $1,500 | $4,400 | $5,800 | $2,200 | $0 | $3,200 | $1,869 | $0 | $2,700 | $0 | $1,900 |
| Actual Income | $2,775 | $2,000 | $2,850 | $1,500 | $0 | $800 | $0 | $0 | $0 | $1,869 | $0 | $2,700 | $0 | $1,700 |
| Expenses | | | | | | | | | | | | | | |
| Advertising | $0 | $0 | $0 | $0 | | | | | | | | | | |
| Utilities | $28 | $20 | $28 | $15 | | | | | $100 | $200 | | $161 | | |
| Insurance | $110 | $117 | | | | | $172 | | | $130 | | | | $75 |
| Taxes | $332 | $256 | $541 | $302 | $537 | $779 | $181 | $44 | $467 | $400 | | $684 | $2,817 | $442 |
| Repairs & Maint. | $150 | $140 | $225 | $100 | $25 | $431 | $50 | $25 | $446 | $50 | $25 | $399 | $225 | $413 |
| | $620 | $533 | $794 | $417 | $562 | $1,210 | $403 | $69 | $1,013 | $780 | $25 | $1,244 | $3,042 | $930 |
| NOI | $2,155 | $1,467 | $2,056 | $1,083 | -$562 | -$410 | -$403 | -$69 | -$1,013 | $1,089 | -$25 | $1,456 | -$3,042 | $770 |
| APP | | | | | | | | | | | | | | |
| Projected NOI | $2,155 | $1,467 | $2,056 | $1,083 | $3,838 | $4,590 | $1,797 | -$69 | $2,187 | $1,089 | -$25 | $1,456 | -$3,042 | $970 |

| | FMV | MTG | Interest | Amort Pd. | Payment | term | Payout | NOI | Payment | Net |
|---|---|---|---|---|---|---|---|---|---|---|
| (1) Capital Comm. FCU | $165,000 | $180,000 | 8% | 30 | $966.28 | 360 | $347,860.80 | $1,083 | $966.28 | $117.14 |
| (2) SEFCU Loan 1 | $40,000 | $259,600 | 5% | 20 | $263.98 | 12 | $41,972.84 | $3,622 | $263.98 | $3,358.10 |
| (3) SEFCU Loan 2 | $550,000 | $800,000 | 5% | 20 | $3,629.76 | 120 | $777,789.55 | $1,791 | $3,629.76 | -$1,838.93 |
| (4) Fraiser/LaBarge | $54,000 | $40,000 | 5% | 20 | $263.98 | 120 | $56,566.21 | $2,056 | $263.98 | $1,792.02 |
| (5) Chase | $165,000 | $232,000 | 5% | 20 | $1,088.93 | 120 | $233,327.11 | $1,089 | $1,088.93 | $0.00 |
| (6) Yund | $0 | $160,000 | 1% | 30 | $31.16 | 360 | $11,217.60 | -$1,013 | $31.16 | -$1,043.99 |
| | | | | | | | | $8,552.33 | $6,244.09 | $2,384.34 |

Projected Net
$3,358
$17,970

Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

IN RE:

    NINAMARIE C. CRISAFULLI                      CHAPTER 11
                                                                             CASE NO. 13-10333

                       Debtor(s).

---

**DEBTOR'S AFFIDAVIT IN OPPOSITION TO MOTION FOR RELIEF FROM STAY**
**OR IN ALTERNATIVE TO DISMISS THE CASE**

STATE OF NEW YORK   )
                                 ) ss.:
COUNTY OF ALBANY    )

    Ninamarie C. Crisafulli, being duly sworn, deposes and says:

1. I own the following real property: 64 N. Lake Avenue, Albany, NY 68 N. Lake Avenue, Albany, NY, 1366 Central Avenue, Colonie, NY, 4232 Albany Street, Colonie, NY, 5 Fairway lane, Colonie, NY, 12 Sumptner Street, Colonie, NY and 5 Exchange Street, Colonie, NY (hereinafter collectively referred to as the "Property")

2. During the month of February, 2013, I collected from the Property rents in the amount of $525.00, as more particularly set forth in Exhibit A.

3. During the month of March, 2013, I collected from the Property rents in the amount of $ 4,790.00, as more particularly set forth in Exhibit A.

4. During the month of April, 2013, I collected from the Property rents in the amount of $ 600.00, as more particularly set forth in Exhibit A.

5. My operating expenses for the months of February, March and April, to date are $ 0.00, $ 759.00, $ 1,000.00, respectively.

6. During the past 12 months, I have diligently tried to secure financing in order to payoff the amount requested by SEFCU. All of my efforts have been to no avail. The only offers I have received have been for significantly less than SEFCU was willing to accept or otherwise violated the Home Equity Theft Prevention Act, as

they consisted of sale lease back transactions.

7. All rents from the properties were duly deposited into my DIP account and held pending this Court ruling on the Motion for Use of Cash Collateral. I have only disbursed the following payments to date:

   A. The sums of $ 3629.00 and $ 264.00 to SEFCU, as adequate protection payments for the mortgage lien against 12 Sumptner Street and 5 Exchange Street; and

   B. All other monies disbursed from the DIP account were form sources other than the rents from the Properties.

8. Based upon the rent roll prior to the appointment of the receiver, the amount of rents that should have been collected for the period of June 2011 through May 2012 is $ 140,450.00,

9. Since my taking ownership of Sweet Temptation, revenues have increased by approximately by $ 19,000.00. A net profit of approximately $ 5,000.00.

10. I have been actively pursuing the repairs to the Properties and the rental of the Property. The use of 4232 Albany Street should generate a monthly net income of $ 5,800.00, as more particularly set forth on exhibit A, attached hereto and incorporated herein.

11. I have negotiated the extension of various mortgages terms interest rates with the following secured creditors; Estate of Yund, Chase home Mortgage and Tom Blake.

12. The dividend to the unsecured creditors shall be greatly enhanced by the restructuring of the debt on the Properties, as more particularly set forth in the attached Exhibit A.

Dated: April 2, 2013

*(signature)*
Nnamarie C. Crisafulli

Sworn to before me this \_\_\_
day of April, 2013.

*(signature)*
Notary Public

BRIAN H. BRONSTHER
Notary Public, State of New York
Qualified in Saratoga County
No. 02BR4919458
My Commission Expires Jan. 19, 20__

Ninamarie C
Customer Ba
All Transactio

41366

| | | Type | Date | Num | Account | Amount | Balance |
|---|---|---|---|---|---|---|---|
| | Alyssa | | | | | | |
| | 12 Sumptner Apt 1 | Invoice | 41334 | 15 | Accounts | 1000 | 1000 |
| | | Payment | 41334 | | Accounts | -400.00 | 600 |
| | Total Alyssa | | | | | 600 | 600 |
| | Anderson Juran | | | | | | |
| | 5 Exchange Apt 1w | Invoice | 41334 | 6 | Accounts | 550 | 550 |
| | | Payment | 41348 | | Accounts | -500.00 | 50 |
| | Total Anderson Juran | | | | | 50 | 50 |
| | Brino Bruce | | | | | | |
| | 4232 Albany Street | Invoice | 41334 | 11 | Accounts | 800.00 | 800 |
| | Total Brino Bruce | | | | | 800 | 800 |
| | Cobb Richard | | | | | | |
| | 5 Fairway Lane | Invoice | 41334 | 10 | Accounts | 1,700.00 | 1700 |
| | Total Cobb Richard | | | | | 1700 | 1700 |
| | Gaudette Carol | | | | | | |
| | 5 Exchange Street | Invoice | 41338 | 13 | Accounts | 525.00 | 525 |
| | Total Gaudette Carol | | | | | 525 | 525 |
| | Goritz Jasmine | | | | | | |
| | 578 Crane Street | Invoice | 41334 | 12 | Accounts | 750.00 | 750 |
| | Total Goritz Jasmine | | | | | 750 | 750 |
| | Haskins Jill | | | | | | |
| | 1364 Central 1e | Invoice | 41334 | 5 | Accounts | 675.00 | 675 |
| | Total Haskins Jill | | | | | 675 | 675 |
| | Hugo | | | | | | |
| | 1364 Central 2w | Invoice | 41334 | 14 | Accounts | 675.00 | 675 |
| | Total Hugo | | | | | 675 | 675 |
| | Lovelace Cindy | | | | | | |
| | 5 Exchange 2w | Invoice | 41321 | 7 | Accounts | 425 | 425 |
| | | Invoice | 41334 | 8 | Accounts | 850 | 1275 |
| | | Payment | 41334 | | Accounts | -850 | 425 |
| | | Payment | 41348 | | Accounts | -425.00 | 0 |
| | Total Lovelace Cindy | | | | | 0 | 0 |
| | Martinez Mark | | | | | | |
| | 5 Exchange Apt 2e | Payment | 41333 | | Accounts | -850 | -850 |
| | | Invoice | 41334 | 1 | Accounts | 850 | 0 |
| | | Payment | 41360 | | Accounts | -300 | -300 |
| | | Invoice | 41366 | 16 | Accounts | 450.00 | 150 |
| | Total Martinez Mark | | | | | 150 | 150 |
| | Rosebrook Mark | | | | | | |
| | 1364 Central 2e | Invoice | 41334 | 4 | Accounts | 675 | 675 |
| | | Payment | 41338 | | Accounts | -675.00 | 0 |
| | Total Rosebrook Mark | | | | | 0 | 0 |
| | Tripoli Mike | | | | | | |
| | 578 Crane Street Apt4 | Invoice | 41334 | 3 | Accounts | 675 | 675 |
| | | Payment | 41347 | | Accounts | -675.00 | 0 |
| | Total Tripoli Mike | | | | | 0 | 0 |
| | Vega Mervin | | | | | | |
| | 1364 Central Ave 1w | Invoice | 41334 | 9 | Accounts | 675 | 675 |
| | | Payment | 41338 | | Accounts | -675.00 | 0 |
| | Total Vega Mervin | | | | | 0 | 0 |
| | Ware Chantee | | | | | | |
| | 12 Sumptner Apt 2 | Invoice | 41334 | 2 | Accounts | 1000 | 1000 |
| | | Payment | 41334 | | Accounts | -640 | 360 |
| | | Payment | 41360 | | Accounts | -600 | -240 |
| | | Invoice | 41366 | 17 | Accounts | 1,000.00 | 760 |
| | Total Ware Chantee | | | | | 760 | 760 |

| TOTAL | | | 6685 | 6685 |



# CAPITAL LUXURY CAR COMPANY

March 29, 2013

Nina Crisafulli:

Per your request this letter is to express our intent to rent lot space at your Albany Street location. We expect that we will utilize storage parking for up to 50 automobiles on a monthly basis at the agreed upon rent of $1000.00 (one thousand dollars and 00/100's) per month.

I can commit that we will rent the space for a minimum of 6 months, commencing when the space is prepared for parking, and that in all likelihood we will continue to utilize the space at $1000 monthly beyond that and into the foreseeable future.

Sincerely,

Dan Culbert
General Manager
Capital Luxury Car Company
347 New Karner Road
Albany, NY 12205

